UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| **JODI HUGHES-RODRIGUEZ**, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) CAUSE NO. 1:20-CV-00396-HAB |
| | ) |
| **OFFICER KYLE HARTMAN**, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

*Pro se* Plaintiff Jodi Hughes-Rodriguez filed this case against Defendants on October 26, 2020, in Allen Superior Court, advancing claims under the Fourth and Fourteenth Amendments on behalf of her minor child, M.R., and herself, as a result of an encounter with Defendant Officer Hartman on March 3, 2020. (ECF 3). Defendants subsequently removed the case here. (ECF 1).

On January 29, 2021, the Court issued a Notice and Order, explaining to Hughes-Rodriguez that while she has a right to represent herself in this suit, "'[p]arents who are not attorneys must have aid of counsel to represent their children in federal court . . . .'" (ECF 11 at 1 (alteration in original) (quoting *Mackall v. Cathedral Trs., Inc.*, 465 F. App'x 549, 551 (7th Cir. 2012)). The Court informed Hughes-Rodriguez that she "must obtain counsel for M.R. before this case can proceed with M.R. as a plaintiff." (*Id.* (citation omitted)). The Court then stayed the case and afforded Hughes-Rodriguez to and including March 1, 2021, to retain counsel on M.R.'s behalf, warning her that if she failed to do so, "M.R.'s claims are subject to summary DISMISSAL WITHOUT PREJUDICE . . . ." (*Id.* at 2).

Hughes-Rodriguez failed to cause counsel to appear on M.R.'s behalf by March 1, 2021. On March 22, 2021, the Court held a status conference at which Hughes-Rodriguez reported that

while she had talked with an attorney in January 2021, no counsel has been retained on M.R.'s behalf. (ECF 14). Nor did the retention of counsel on M.R.'s behalf appear imminent from Hughes-Rodriguez's report. Accordingly, the Court lifted the stay and stated that the case will proceed with Hughes-Rodriguez proceeding *pro* se as the sole Plaintiff seeking to recover for her own alleged harm, but that M.R.'s claims cannot continue without counsel. *See Piphus v. City of Chi. Police Dept.*, No. 12 cv 7259, 2013 WL 3975209, at *3 (N.D. Ill. Aug. 1, 2013) ("Where a non-lawyer parent bring[s] claims as *pro se* litigants on behalf of [her] child and [her]self, courts should dismiss any claims pertaining to the minor without prejudice and only consider those pertaining to the parent.").

Because Hughes-Rodriguez cannot proceed *pro se* in this matter on M.R.'s behalf, the undersigned Magistrate Judge RECOMMENDS that M.R.'s claims be summarily DISMISSED WITHOUT PREJUDICE, and that the case continue with Hughes-Rodriguez as the sole Plaintiff. The Clerk is directed to send a copy of this Report and Recommendation to Hughes-Rodriguez at her address of record, and to counsel for Defendants. NOTICE IS HEREBY GIVEN that within fourteen days after being served with a copy of this recommended disposition a party may serve and file specific, written objections to the proposed findings or recommendations. Fed. R. Civ. P. 72(b). FAILURE TO FILE OBJECTIONS WITHIN THE SPECIFIED TIME WAIVES THE RIGHT TO APPEAL THE DISTRICT COURT'S ORDER. *See generally Thomas v. Arn*, 474 U.S. 140 (1985); *Lerro v. Quaker Oats Co.*, 84 F.3d 239, 241-42 (7th Cir. 1996).

SO ORDERED. Entered this 26th day of March 2021.

/s Susan Collins
Susan Collins
United States Magistrate Judge